# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10400
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

April 20, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEREMY GENE ALLEN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-218-1

Before STEWART, Chief Judge, and CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Jeremy Gene Allen pleaded guilty to possession with intent to distribute 50 grams or more of methamphetamine. He was sentenced within the advisory guidelines range to 121 months of imprisonment. Allen appeals his sentence.

Allen maintains that the district court erroneously attributed to him 4.2 kilograms of methamphetamine for purposes of sentencing. He contends that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court assigned to him amounts of methamphetamine that were not part of the same course of conduct or part of a common scheme or plan as the offense of conviction and, therefore, were not relevant conduct for purposes of U.S.S.G. § 1B1.3. To the extent that Allen preserved this claim, we review for clear error and will uphold the district court's factual finding if it is supported by a preponderance of the evidence and is plausible in light of the record as a whole. *See United States v. Imo*, 739 F.3d 226, 240 (5th Cir. 2014); *United States v. Buck*, 324 F.3d 786, 796 (5th Cir. 2003).

The district court's finding as to relevant conduct was supported by the presentence report (PSR), which the district court adopted and which Allen did not show was materially untrue, inaccurate, or unreliable. *See United States v. Londono*, 285 F.3d 348, 355 (5th Cir. 2002); *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998). The record also contained a report detailing a post-arrest statement by Allen in which he admitted receiving each of the amounts of methamphetamine that were attributed to him as relevant conduct. While Allen argues that the evidence did not confirm that his past drug transactions were temporally proximate or involved the same source of supply, those factors alone are not dispositive as to whether the transactions were part of a common scheme or plan. *See* § 1B1.3, comment. (n.5(B)); *United States v. Rhine*, 583 F.3d at 878, 885 (5th Cir. 2009). He has not argued or established that there is no common factor among the transactions or that the transactions are not substantially connected by at least one common factor; the transactions could be reasonably understood as part of a common scheme or plan with the offense of conviction. *See United States v. Harris*, 740 F.3d 956, 967 (5th Cir. 2014); *United States v. Moore*, 927 F.2d 825, 828 (5th Cir. 1991); § 1B1.3(a)(2) & comment. (n.5(B)). Thus, the district court's quantity finding was plausible in light of the record as a whole. *See Imo*, 739 F.3d at 240.

No. 16-10400

Allen further contends that his sentence was substantively unreasonable because it failed to account for a factor that should have received significant weight (i.e., that he did not distribute large quantities of methamphetamine) and did not properly consider that the quantity assigned to him overstated the seriousness of his offense. We review the sentence imposed for reasonableness, under an abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

The record establishes that the district court made an individualized sentencing decision based on the facts of the case in light of the factors in 18 U.S.C. § 3553(a). *See Gall*, 552 U.S. at 51-52. The district court's conclusion that a within-guidelines sentence is proper is entitled to deference, and we presume that it is reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). The district court was in a superior position to find facts and assess their import under § 3553(a), *Gall*, 552 U.S. at 49-50, and we see no reason to disturb the district court's decision to impose a sentence within the guidelines range. Allen's suggestion that the district court should have given more weight to his arguments that he never obtained more than eight ounces of methamphetamine and was a low-level distributor whose offense level – in light of relevant conduct – overstated the scope of his offense reflects his mere disagreement with the propriety of his sentence, which does not merit reversal. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.

3